**CORRECTED**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1406V
UNPUBLISHED

| | |
|---|---|
| JAMES VICTOR GRANT,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: July 3, 2024 |

*Edward J. Kroger, Kroger Burrus, Houston, TX,* for Petitioner.

*Alexis B. Babcock, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION**[1]

On September 14, 2018, James Victor Grant filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that that he suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccination on September 15, 2015. Petition at Preamble. The case was assigned to the Special Processing Unit of the Office of Special Masters (the "SPU").

For the reasons set forth below, the petition is hereby **DISMISSED** for failure to show he suffered the effects of his injury for more than six months and for failure to prosecute.

**I.    Relevant Procedural History**

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

This matter was assigned to the SPU based on the initial presumption that it presented issues that were likely to be resolved expeditiously. During the initial status conference on March 12, 2019, Petitioner was requested to file additional medical records pertaining to the three-year period before his flu vaccination. (ECF No. 11). Those records and an amended statement of completion were filed on August 27, 2019.

On January 13, 2020, Respondent file his Rule 4(c) Report recommending that compensation be denied in this case. (ECF No. 23). Respondent contended that Petitioner had failed to meet his burden of proof because he did not provide any evidence to support that his injury persisted for over six months. Respondent specifically noted that his shoulder injury symptoms following his flu vaccination resolved about four months post-vaccination, and that Petitioner's treating physician for a shoulder injury two years later noted that the injury could not be attributed to his previous flu vaccination.

On January 28, 2020, I issued a scheduling order for Petitioner to file an affidavit addressing the severity of his shoulder injury (e.g., addressing any residual effects or complications of his injury for more than six months and any medical treatment that Petitioner may have received between January 26, 2016, and February 5, 2018 for his shoulder) and any additional evidence that would demonstrate that Petitioner suffered the residual effects of complications of his injury for more than six months, such as medical treatment records. (ECF No. 24).

To date, Petitioner has failed to make any additional filings. I *sua sponte* extended Petitioner's deadline for his affidavit, updated medical records, and statement of completion on three separate occasions between May 26, 2020, and July 28, 2020. During this time, the OSM staff attorney managing this case tried numerous times to e-mail or call Petitioner's counsel to address Petitioner's noncompliance, but none of these attempts were successful. After a long period of inactivity, an order to show case was issued on December 19, 2022. (ECF No. 29). Petitioner was ordered to show cause by February 17, 2023, why this case should not be dismissed for insufficient proof. Petitioner did not make the ordered filing.

## II.   Insufficient Proof and Failure to Prosecute

### a.   Failure to Satisfy the Six-Month Severity Requirement

Under the Vaccine Act, a petition for compensation must contain "supporting documentation, demonstrating that the person who suffered [a vaccine related injury] ...suffered the residual effects or complications of such illness, disability, injury, or condition for more than 6 months after the administration of the vaccine." Section 11(c)(1)(D)(i). The burden is on the petitioner to establish, by a preponderance of the

evidence, the persistence of a vaccine-caused injury for longer than six months. *Song v. Sec'y of Health & Human Servs.,* 31 Fed. Cl. 61, 65–66, *aff'd*, 41 F.3d 1520 (Fed.Cir.1994). A petitioner cannot establish the length or ongoing nature of an injury merely through her self-assertion. Rather, the petition must be supported by medical records or by the opinion of a competent physician. *See* Section 13(a)(1). Petitioner bears the burden of proving a prima facie case by a preponderance of the evidence. Section 13(a)(1)(A); *see also Moberly v. Sec'y of Health & Human Services*, 592 F.3d 1315, 1321 (Fed. Cir. 2010).

In this case, Petitioner first reported shoulder pain approximately one month after vaccination, when he presented to orthopedics complaining of right shoulder pain, stating that he had received a flu shot and that it hurt right away and lasted for a week. After having an MRI, Petitioner was assessed with adhesive capsulitis and referred for physical therapy on October 19, 2015. Two months later, Petitioner received a steroid injection from his orthopedist. In January of 2016, Petitioner attended two PT sessions. A follow-up visit with his orthopedist occurred on January 25, 2016, where an exam showed Petitioner had full range of motion and was at near full strength, and was assessed with bursitis. Subsequent medical appointments made no mention of any shoulder pain and were instead focused on a skin condition. It was not until February 8, 2018, when Petitioner presented to a new orthopedist complaining of right shoulder pain. On July 27, 2018, Petitioner had another MRI which revealed "multifocal tears of the labrum involving the superior labrum, throughout the anterior labrum, and the posteroinferior quadrant"; no evidence of rotator cuff tear"; and "moderate to severe hypertrophic degenerative changes at the acromioclavicular joint with active marrow edema in the distal clavicle and acromion." Ex. 5 at 7. In a follow-up appointment, Petitioner's orthopedist stated that the MRI was "consistent with superior and labral type symptoms," and that this "certainly cannot be attributed to a flu shot but upon further questioning he has done quite a big of weight lifting and boxing throughout his life." *Id.* at 10.

The Act does permit individuals who otherwise do not meet the severity requirement to bring a claim where they can demonstrate their injury caused them to experience "inpatient hospitalization and surgical intervention." Section 11(c)(1)(D)(iii). But Petitioner has not submitted evidence that this occurred in connection with his alleged SIRVA injury. To date, Petitioner has failed to support his claim with sufficient proof, including medical records, affidavits, and/or the opinion of a medical expert to substantiate his claim that his injury persisted for more than six months despite multiple orders directing him to file this information.

### b. Failure to Prosecute

An additional ground for dismissal herein arises from Petitioner's general failure to prosecute this matter. It is a petitioner's obligation to follow and respond to orders issued

by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in the July 28, 2020, Scheduling Order that he risked dismissal of the claim for failure to prosecute. Petitioner was warned again in the December 29, 2022, Order to Show Cause that if documentation was not provided by February 17, 2023, his claim would be dismissed. Petitioner, however, continued to disregard my orders without justification or explanation.

### III.     Conclusion

To date, and despite ample opportunity, Petitioner has failed to provide preponderant evidence that he suffered the residual effects of his injury for more than six months. Section 11(c)(1)(D)(i). He has also failed to respond to the scheduling orders issued on May 26, 2020, June 15, 2020, and July 28, 2020, and the Order to Show Cause issued on December 19, 2022. Accordingly, this case is DISMISSED for failure to prosecute and insufficient proof.  The clerk shall enter judgment accordingly. [3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.